IN UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF NEW YORK

_____

EDUARDO LATORRES,

                                        Plaintiff,          Civ. Action No.
                    v.                                      9:09-CV-532 (FJS/DEP)

DONALD SELSKY, Special Housing Unit
Director for the Department of Correctional
Services, and CRAIG GUMMERSON, Captain for
Auburn Correctional Facility,

                                        Defendants.
_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

Eduardo LaTorres, *Pro Se*
91-A-4915
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN          CHARLES J. QUACKENBUSH, ESQ.
Attorney General of                Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Eduardo LaTorres, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. §1983, alleging deprivation of his civil rights in relation to disciplinary action taken against him by prison officials.  In his complaint plaintiff alleges that he was denied procedural due process during the course of a disciplinary hearing which resulted in a finding of guilt and a corresponding sentence, both of which were ultimately annulled by a state court judge.   As relief for the constitutional violations alleged plaintiff seeks a declaratory judgment as well as awards of compensatory and punitive damages.

Currently pending before the court is a motion by the defendants for summary judgment seeking dismissal of plaintiff's complaint in its entirety. In support of their motion defendants assert that plaintiff has failed to establish that he suffered a cognizable deprivation of due process, and in any event they are protected by the doctrine of qualified immunity. Having carefully considered the record now before the court, without the benefit of a submission from the plaintiff in opposition, I recommend that defendants' motion for summary judgment be granted.

2

I.    BACKGROUND[1]

Plaintiff is a prison inmate entrusted to the care and custody of the New State Department of Corrections and Community Supervision ("DOCCS") (formerly known as the Department of Correctional Services, or the "DOCS").  *See generally* Complaint (Dkt. No. 1); Defendants' Local Rule 7.1(a)(3) Statement (Dkt. No. 31-2) ¶ 1.[2]  While plaintiff is no longer confined there, at the times relevant to his claims in this case plaintiff was designated to the Auburn Correctional Facility ("Auburn"), located in Auburn, New York.  Complaint (Dkt. No. 1) p. 3.

The circumstances giving rise to plaintiff's claims in this action have as their genesis an incident that occurred in an exercise yard at Auburn on June 6, 2006 when a fellow inmate was attacked, suffering multiple stab wounds.  Defendants' Local Rule 7.1(a)(3) Statement (Dkt. No. 31-2) ¶ 2.  The incident was witnessed by Corrections Officer Jeff Girvin, who observed LaTorres punch and stab at the victim and then hand an object to yet another inmate, who placed the object in his pants pocket.  *Id.*  Shortly after the event that fellow inmate was frisked, and a sharpened

---

[1]    In light of the posture of the case the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in favor of the plaintiff. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[2]    As will be seen, by his failure to oppose defendants' motion plaintiff is deemed to have admitted the facts set forth in Defendants' Local Rule 7.1(a)(3) Statement. *See* pp. 11 - 13, *post.*

shank was recovered from his pants pocket.  *Id.* at ¶ 4.  Following the

incident plaintiff was escorted to the Auburn Special Housing Unit ("SHU")

to await a disciplinary hearing.  Complaint (Dkt. No. 1) p. 3.

As a result of the incident Corrections Officer Girvin issued the

plaintiff a misbehavior report dated June 6, 2006, accusing him of violating

several prison rules, including creating a disturbance (Rule 104.11),

committing an assault (Rule 100.10), and possessing a contraband

weapon (Rule 113.10).  Quackenbush Decl. (Dkt. No. 31-4) Exh. C

(Misbehavior Report) at p. 23[3]; Defendants' Local Rule 7.1(a)(3)

Statement (Dkt. No. 31-2) ¶ 5.  In that misbehavior report, Corrections

Officer Girvin recorded the following account of the incident:

> While performing my duties as the South Yard
> weight Officer, I C.O. J. Girvin observed Inmate
> LaTorres, E. 91A4915, A-8-41 making stabbing &
> punching motions at Inmate Montalvo's, R.
> 98R2446 A-2-5's upper body. At this time I noticed
> blood on Inmates [sic] Montalvo's, R. upper body
> area.  As Montalvo, R., Martinez, H. and Inmate
> LaTorres, E. were all walking away toward the
> South Yard Sgt. Post I observed Inmate LaTorres,
> E. pass a [sic] object to inmate Martinez, Hector,
> 05A1199, A-5-8.  At this time I notified the South
> Yard Sgt. Post and identified the three inmates that
> were in the incident that took place. At the time of

---

[3]      The pages within defendants' Exhibit C were not numbered when filed by the
defendants; the page numbers referred to herein are those reflected on the court's
docket as filed.

> this incident there was approxamen [sic] 310
> Inmates in the South yard.

Quackenbush Decl. (Dkt. No. 31-4) Exh. C (Misbehavior Report) p. 23.

A Tier III disciplinary hearing was convened on June 11, 2006 by Captain Craig Gummerson, a defendant in this action, to address the charges set forth in the misbehavior report.[4]  Defendants' Local 7.1(a)(3) Statement (Dkt. No. 31-2) ¶ 6; *see also* Quackenbush Decl. (Dkt. No. 31-4) Exh. B (Hearing Transcript).   In anticipation of that hearing plaintiff requested and was assigned Corrections Officer DelFavero to assist him. *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. C (Tier Assistance Form) p. 63.  At the hearing, which extended over a period of four days and ended on June 18, 2006, a total of seven corrections employees and three inmates testified, while three additional inmates refused to appear.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. B.  Upon completion of the hearing Captain Gummerson found the plaintiff guilty on all charges and sentenced him to a period of thirty-six months of SHU disciplinary

---

[4]      The DOCCS conducts three types of inmate disciplinary hearings.  See 7 N.Y.C.R.R. § 270.3.  Tier I hearings address the least serious infractions and can result in minor punishments such as the loss of recreation privileges.  Tier II hearings involve more serious infractions, and can result in penalties which include confinement for a period of time in the SHU.  Tier III hearings concern the most serious violations and can result in unlimited SHU confinement and the loss of "good time" credits.  *See Hynes v. Squillace,* 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S. Ct. 246 (1998).

confinement, with a corresponding loss of package, commissary, and telephone privileges.[5]  *Id.* at Exh. C (Hearing Disposition) p. 45.

Plaintiff appealed the hearing officer's determination to defendant Donald Selsky, who at the time served as its Director of Special Housing/Inmate Disciplinary Program for the DOCS.  Complaint (Dkt. No. 1) ¶ 7.  On August 23, 2006, defendant Selsky issued a written decision affirming the hearing officer's determination.  Quackenbush Decl. (Dkt. No. 31-4) Exh. C (Review of Superintendent's Hearing) p. 20.  A request for reconsideration subsequently filed on or about October 21, 2006 on plaintiff's behalf by an attorney from Prisoner's Legal Services of New York was denied by defendant Selsky by letter dated January 25, 2007.  *See id.* at pp. 12-16.

Plaintiff challenged the hearing officer's disciplinary determination in a proceeding commenced pursuant to Article 78 of the New York Civil Practice Law & Rules in New York State Supreme Court.  Complaint (Dkt. No. 1) ¶ 14.  That proceeding resulted in the issuance of a determination on September 27, 2007 by Acting Supreme Court Justice Kimberly A.

---

[5]     In New York, SHU cells are utilized for segregating prisoners from general population areas for various reasons including, predominantly, disciplinary purposes. *Lee v. Coughlin*, 26 F. Supp.2d 615,  618 (S.D.N.Y. 1998) (citing 7 N.Y.C.R.R. pts. 253, 254, and 301).  Inmates confined in an SHU are typically allowed two showers per week; one hour of outdoor exercise per day; unlimited legal visits; one non-legal visit per week; access to counselors; access to sick call; cell study programs; and access to library books.  *Husbands v. McClellan*, 990 F. Supp. 214, 218 (W.D.N.Y. 1998).

O'Connor annulling the disciplinary determination and ordering expungement of all references to the matter from plaintiff's institutional record.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. A.  The state court's determination centered upon parallel proceedings occurring at the time of the disciplinary hearing, and allegedly known to the hearing officer, and the failure to disclose those developments to the plaintiff.  The relevant events included a June 7, 2006 interview by Corrections Sergeant T. Connors of the stabbing victim, who positively identified another inmate from a photo array as one of the persons who stabbed him.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. A  (Decision/Order/Judgment) pp. 2, 4.  Upon investigation it was further learned by Lt. Estabrook that a total of three shanks were recovered in connection with the incident, and it was believed that there were multiple inmates involved in stabbing the victim. Gummerson Decl. (Dkt. No. 31-3) ¶ 7.

As a result of that parallel investigation the other inmate identified by the victim was charged by misbehavior report issued on June 13, 2006, and during the pendency of plaintiff's disciplinary hearing, a hearing for that individual was scheduled to be held, also before defendant Gummerson.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. A (Decision/Order/Judgment) p. 3.   When the victim of the assault refused

to testify at that hearing, however, the charges against that inmate were dismissed.[6]  .  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. A (Decision/Order/Judgment) p. 3.  Unfortunately, the plaintiff in this action was never notified of these facts, nor was plaintiff provided with an updated unusual incident report (UIR) disclosing these additional facts and implicating other inmates as among the participants in the assault.  *Id.* at p. 6.  Regarding these failures as having deprived the  plaintiff of potentially exculpatory evidence and finding a "reasonable possibility that the outcome of the hearing would have been different" had the materials been provided, Justice O'Connor held that LaTorres was denied due process, and, concluding that it did not constitute harmless error, found that annulment of the disciplinary determination was warranted.  *Id.*

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on March 23, 2009, naming Donald Selsky and Captain Craig Gummerson as defendants.  Complaint (Dkt. No. 1).  In his complaint plaintiff alleges that he was deprived of his due process rights during the course of his Tier III disciplinary hearing in violation of the Fourteenth Amendment to the United States Constitution.

---

[6]    The victim similarly declined to testify at the plaintiff's disciplinary hearing.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. B (Hearing Transcript) p. 66.

8

Following the close of discovery, on February 24, 2011 defendants filed a motion for summary judgment seeking dismissal of plaintiff's complaint as a matter of law.  In their motion defendants argue that 1) plaintiff cannot sustain a federally cognizable due process claim, and 2) in any event they are entitled to qualified immunity from suit under the circumstances presented.  Despite passage of the deadline for opposing defendants' motion on March 28, 2011, plaintiff has failed to submit anything to the court in connection with the defendants' motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) and Northern District of New York Local Rule 72.3 (c). *See also* Fed.R.Civ.P. 72 (b).

III.   DISCUSSION

A.   Summary Judgment Standard

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure.  Under that provision, summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317,

9

322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of*

*Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir.

2004).  A fact is "material", for purposes of this inquiry, if it "might affect

the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at

248, 106 S. Ct. at 2510; *see also Jeffreys v. City of New York*, 426 F.3d

549, 553 (2d Cir. 2005) (citing *Anderson*).  A material fact is genuinely in

dispute "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at

2510.

A party moving for summary judgment bears an initial burden of

demonstrating that there is no genuine dispute of material fact to be

decided with respect to any essential element of the claim in issue; the

failure to meet this burden warrants denial of the motion.  *Anderson*, 477

U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83.  In

the event this initial burden is met the opposing party must show, through

affidavits or otherwise, that there is a material issue of fact for trial.  Fed.

R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*,

477 U.S. at 250, 106 S. Ct. at 2511.  Though *pro se* plaintiffs are entitled

to special latitude when defending against summary judgment motions,

they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is warranted only in the event of a finding that no reasonable trier of fact could rule in favor of the non-moving party. *See Building Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507-08 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.    Plaintiff's Failure to Oppose Defendants' Motion

Before turning to the merits of plaintiff's claims, as a threshold matter the court must address the legal significance, if any, of his failure to oppose defendants' summary judgment motion, and specifically whether

that failure automatically entitles defendants to summary judgment

dismissing plaintiff's complaint.

This court's rules provide that:

> [w]here a properly filed motion is unopposed and
> the Court determines that the moving party has
> met its burden to demonstrate entitlement to the
> relief requested therein, the non-moving party's
> failure to file or serve any papers as this Rule
> requires shall be deemed as consent to the
> granting or denial of the motion, as the case may
> be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3).  Undeniably, *pro se* plaintiffs are entitled to some

measure of forbearance when defending against summary judgment

motions.  *See Jemzura v. Public Serv. Comm'n,* 961 F. Supp. 406, 415

(N.D.N.Y. 1997) (McAvoy, C.J.).  The deference owed to pro se litigants,

however, does not extend to relieving them of the consequences

associated with Local Rule 7.1(b)(3).  *Robinson v. Delgado*, No. 96-CV-

169, 1998 WL 278264, at *2 (N.D.N.Y. May 22, 1998) (Pooler, J. & Hurd,

M.J.); *Cotto v. Senkowski*, No. 95-CV-1733, 1997 WL 665551, at *1

(N.D.N.Y. Oct. 23, 1997) (Pooler, J. & Hurd, M.J.); *Wilmer v. Torian*, 980

F. Supp.106, 106-07 (N.D.N.Y. 1997) (Pooler, J. & Hurd, M.J.).

Accordingly, absent a showing of good cause defendants' unopposed

summary judgment motion should be granted, if determined to be facially

meritorious. *See Allen v. Comprehensive Analytical Group, Inc*., 140 F.

Supp. 2d 229, 231-32 (N.D.N.Y. 2000) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542, 545-46 (N.D.N.Y. 2000) (Kahn, J.).[7]

It should also be noted that the plaintiff's failure to properly oppose defendants' summary judgment motion is not without ramification.  By failing to submit papers in opposition to their motion, plaintiff has left the facts set forth in defendants' Local Rule 7.1(a)(3) Statement unchallenged, thus permitting the court to deem facts set forth in the defendants' statement of material facts not in dispute to have been admitted based upon his failure to properly respond to that statement.[8]  *See Elgamil v. Syracuse Univ.*, No. 99-CV-611, 2000 WL 1264122, at *1 (N.D.N.Y. Aug. 22, 2000) (McCurn, S.J.) (listing cases); *see also Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1(a)(3)).

Based upon plaintiff's failure to oppose defendants' motion I recommend that the court review the motion for facial sufficiency, accepting defendants' assertions of facts as set forth in their Local Rule

---

[7]      Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

[8]      Local Rule 7.1(a)(3) provides that "[t]he Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."  *See* N.D.N.Y.L.R. 7.1(a)(3)(emphasis in original).

7.1(a)(3) Statement as uncontroverted, and that the motion be granted if determined to be facially meritorious.[9]

C.     Merits of Plaintiff's Due Process Claim

The sole cause of action advanced in plaintiff's complaint alleges a deprivation of procedural due process growing out of defendants' failure to provide him with known information concerning the inmate attack at the center of his disciplinary hearing.  Defendants argue that plaintiff's procedural due process claim is deficient as a matter of law.

To successfully state a claim under 42 U.S.C. § 1983 for denial of procedural due process, a plaintiff must show that he or she 1) possessed an actual liberty interest, and 2) was deprived of that interest without being afforded sufficient procedural safeguards.  *See Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000) (citations omitted); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).  In their motion defendants concede that the disciplinary penalty imposed in this action following the disciplinary hearing represented the deprivation of a constitutionally cognizable liberty interest.  They maintain,

---

[9]     Included among defendants' motion papers was the required notice, advising the plaintiff of the potential consequences of failing to oppose their summary judgment motion.  Dkt. No. 31; *see* N.D.N.Y.L.R. 7.1 (a)(3) and 56.2.

however, that plaintiff was provided with all of the process due under the Fourteenth Amendment in connection with such a deprivation.

The procedural safeguards to which a prison inmate is entitled before being deprived of a constitutionally significant liberty interest are well-established, the contours of the requisite protections having been articulated by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 564-67, 94 S. Ct. 2963, 2978-80 (1974).  Under *Wolff*, the constitutionally-mandated due process requirements include 1) written notice of the charges; 2) the opportunity to appear at a disciplinary hearing and present witnesses and evidence, subject to legitimate safety and penological concerns; 3) a written statement by the hearing officer explaining his or her decision and the reasons for the action being taken; and 4) in some circumstances, the right to assistance in preparing a defense.  *Wolff*, 418 U.S. at 564-67, 94 S. Ct. at 2978-80; *see also Eng v. Coughlin*, 858 F.2d 889, 897-98 (2d Cir. 1988).  In order to pass muster under the Fourteenth Amendment, hearing officer's disciplinary determination also must garner the support of at least "some evidence".  *Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768 (1985).

In this instance all of these criteria are met.  Plaintiff received written notice of the charges against him, and was afforded assistance in

preparing his defense.  During a multi-day hearing defendant was given the opportunity to appear and present witnesses and evidence on his behalf.  At the conclusion of the hearing defendant Gummerson stated the basis for his determination and reasons for the disciplinary penalty imposed, and based upon the review of the transcript it appears clear that the determination was supported by at least "some evidence", principally in the form of Corrections Officer Girvin's eyewitness account.

Although the record does not disclose any due process violation when the matter is examined in the context of *Wolff*, the state court's determination, which refers to the violation perceived as a "due process violation", gives room for pause.  *See* Quackenbush Decl. (Dkt. No. 31-4) Exh. A at p. 6.  While generically referred to as a due process violation it appears clear from the state court's decision that the concern was over the failure of prison officials to provide the plaintiff with what it perceived to constitute exculpatory evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), noting that "New York Law applies a particularly strict standard when specifically requested exculpatory material is withheld. . .."  *Id.* at p. 6 (citing *People v. Vilardi*, 76 N.Y.2d 67, 556  N.Y.S.2d 518 (1990)).[10]

---

[10]     "28 U.S.C. Section 1738 provides that federal courts must give the same preclusive effect to a state judgment as would be given in the courts rendering that

The state court's decision does not translate well in the context of a Fourteenth Amendment due process analysis for two reasons.  First, the Second Circuit has never held that the *Brady* rule, requiring the disclosure of material, exculpatory evidence has any applicability in a prison disciplinary setting.[11]  *See Rosales v. Kikendall*, 677 F. Supp.2d 643, 649 n.2 (W.D.N.Y. 2010).  More fundamentally, it is not at all clear, notwithstanding the state court's assessment, that the information withheld from the plaintiff and forming the basis for state court's annulment of the

---

judgment."  *Foxworth v. Selsky*, No. 95-CV-1168, 1998 WL 59448, at *4 (N.D.N.Y. Feb. 9, 1998) (Scullin, J. and Scanlon, M.J.) (citing *Migra v. Warren City School District Bd. of Education*, 465 U.S. 75, 104 S. Ct. 892 (1984)).  Here, one might argue that because Donald Selsky was the named respondent in the Article 78 proceeding he is collaterally estopped from challenging the finding of a due process violation. Issue preclusion, often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been decided against that party or its privy.  *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).  It is not at all clear, however, that the state court made a specific finding of the existence of due process violation within the meaning of the Fourteenth Amendment, a requirement for invoking collateral estoppel.  *See Colon v. Coughlin*, 58 F.3d 865, 869-870 (2d Cir. 1995).  Furthermore, case law suggests that because defendants could not have been held personally liable in the Article 78 proceeding, they did not have the same incentive to litigate that state court action as they do this action, and the application of collateral estoppel principles would therefore be inappropriate.  *Gutierrez v. Coughlin*, 841 F.2d 484, 485 (2d Cir. 1988); *Foxworth*, 1998 WL 59448, at *4 (citing *Gutierrez*).  For these reasons, I recommend that collateral estoppel not be invoked in this instance.

[11]     At least one other circuit court has held that the requirement under *Brady* to provide material exculpatory evidence does apply to prison disciplinary proceedings. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

disciplinary determination is exculpatory, particularly in view of Correction Officer Girvin's eyewitness testifying inculpating LaTorres in the attack.

Principally at issue in this case is an amended UIR dated June 14, 2006 – prior to the conclusion of plaintiff's disciplinary hearing. That report identified two other inmates, in addition to the three referenced in Corrections Officer Girvin's misbehaviour report, as participants in the stabbing. Hearing Officer Gummerson states that he was aware at the time of making his determination in LaTorres' case of the possibility that other inmates may have been involved in the stabbing. Gummerson Decl. (Dkt. No. 31-3) ¶ 15. That possibility, however, does not undermine the eyewitness testimony of Corrections Officer Girvin, who stated unequivocally during the hearing that he observed the plaintiff stabbing the victim. Defendant Gummerson found Officer Girvin to be "cautious, competent and reliable." and "disciplined in his testimony." Gummerson Decl. (Dkt. No. 31-3) ¶ 11. The officer testified to having seen LaTorres pass an object to another inmate, who was later found to be in possession of a shank. Accordingly, unlike my state court judicial counterpart, I do not view the new evidence and amended UIR as rising to a level of exculpatory and demonstrating a deprivation of constitutional significance.

It should be noted that even if the court were to find that the *Brady* rule applies in a prison disciplinary hearing, and that the amended UIR was indeed exculpatory, that alone would still not suffice to establish defendants' liability.  To hold a defendant liable for a violation of plaintiff's due process rights in such a situation it must be proven that he or she acted with the intent to deny the plaintiff a fair hearing.  *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). Based upon the extensive efforts taken by Captain Gummerson to reach all the officers and inmates that were requested to appear at plaintiff's hearing over a period of seven days, the facts cannot support a claim that Captain Gummerson intentionally deprived plaintiff of his due process rights.  Nor is there any evidence in the record of an intent on the part of defendant Selsky to deny LaTorres a fair hearing.

In sum, I recommend a finding that no procedural due process deprivation has occurred and that defendants are therefore entitled to judgment as a matter of law dismissing plaintiff's complaint.[12]

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Following a multi-day hearing at which ten witnesses testified, including an eyewitness who definitively stated that he observed LaTorres

---

[12]      In light of this recommendation I have not addressed the additional ground of qualified immunity raised in defendants' motion.

stabbing the victim, plaintiff was found guilty of participating in the assault and possessing contraband, and was sentenced accordingly to a period of disciplinary SHU confinement with a corresponding loss of privileges. Although that determination was ultimately annulled during the course of a state court proceeding, the record fails to disclose that plaintiff was denied any procedural due process in conjunction with that disciplinary hearing. While undeniably the better practice perhaps would have been to update the plaintiff during the course of the hearing concerning the parallel investigation that was being undertaken and the evidence generated implicating other inmates as having participated in the stabbing, the evidence which plaintiff cites in support of his due process claim does not tend to exonerate him or undermine the results of the disciplinary hearing. Moreover, even assuming that the withheld evidence is material and exculpatory, there is no evidence that the defendants intended to deprive the plaintiff of a fair hearing.

Having found that plaintiff received all of the process required under *Wolff*, and that the hearing officer's determination was supported by some evidence, it is therefore hereby respectfully

RECOMMENDED that defendants' motion for summary judgment (Dkt. No. 31) be GRANTED and that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. §636 (b) (1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. §636 (b)(1); Fed.R.Civ.P. 6 (a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

David E. Peebles
U.S. Magistrate Judge

Dated:     August 1, 2011
           Syracuse, NY



Not Reported in F.Supp., 1998 WL 278264 (N.D.N.Y.)

(Cite as: 1998 WL 278264 (N.D.N.Y.))

**H**

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.

Anthony ROBINSON, Plaintiff,

v.

Jane DELGADO, Hearing Officer and Lieutenant; and Donald Selsky, Director of Inmate Special Housing Program, Defendants.

No. 96-CV-169 (RSP/DNH).

May 22, 1998.

Anthony Robinson, Veterans Shelter, Brooklyn, for Plaintiff, Pro Se.

Hon. Dennis C. Vacco, Attorney General of the State of New York, Attorney for Defendants, Albany, Ellen Lacy Messina, Esq., Assistant Attorney General, of Counsel.

ORDER

POOLER, D.J.

*1 Anthony Robinson, a former inmate incarcerated by the New York State Department of Corrections ("DOCS"), sued two DOCS employees, alleging that they violated his right to due process in the course of a disciplinary proceeding and subsequent appeal. On September 9, 1997, defendants moved for summary judgment. Defendants argued that plaintiff failed to demonstrate that the fifty days of keeplock confinement that he received as a result of the hearing deprived him of a liberty interest within the meaning of the Due Process Clause. Plaintiff did not oppose the summary judgment motion, and Magistrate Judge David N. Hurd recommended that I grant it in a report-recommendation filed April 16, 1998. Plaintiff did not file objections.

Because plaintiff did not file objections, I "need only satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note. After reviewing the record, I conclude that there is no clear error on the face of the record. After being warned by defendants' motion that he must offer proof in admissible form that his disciplinary confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Robinson failed to offer any such proof. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Consequently, he cannot maintain a due process challenge. Id. Therefore, it is

ORDERED that the report-recommendation is approved; and it is further

ORDERED that defendants' motion for summary judgment is granted and the complaint dismissed; and it is further

ORDERED that the Clerk of the Court serve a copy

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 278264 (N.D.N.Y.)

(Cite as: 1998 WL 278264 (N.D.N.Y.))

of this order on the parties by ordinary mail.

HURD, Magistrate J.

REPORT-RECOMMENDATION

The above civil rights action has been referred to the undersigned for Report and Recommendation by the Honorable Rosemary S. Pooler, pursuant to the local rules of the Northern District of New York. The plaintiff commenced the above action pursuant to 42 U.S.C. § 1983 claiming that the defendants violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution. The plaintiff seeks compensatory and punitive damages.

Presently before the court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. However:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P 56(e).

In addition, "[f]ailure to file any papers as required by this rule shall, unless for good cause shown, be deemed by the court as consent to the granting or denial of the motion, as the case may be." L.R. 7.1(b)(3).

*2 The defendants filed their motion on September 9, 1997. The response to the motion was due on October 23, 1997. It is now five months beyond the date when the plaintiff's response was due, and he has failed to file any papers in opposition to defendants' motion.

Therefore, after careful consideration of the notice of motion, affirmation of Ellen Lacy Messina, Esq., with exhibits attached, and the memorandum of law; and there being no opposition to the motion; it is

RECOMMENDED that the motion for summary judgment be GRANTED and the complaint be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(l), the parties have ten days within which to file written objections to the foregoing report. *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696(1992). Such objections shall be filed with the Clerk of the Court with a copy to be mailed to the chambers of the undersigned at 10 Broad Street, Utica, New York 13501. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(l); Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989); and it is

ORDERED, that the Clerk of the Court serve a copy of this Order and Report-Recommendation, by regular mail, upon the parties to this action.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 278264 (N.D.N.Y.)

(Cite as: 1998 WL 278264 (N.D.N.Y.))


N.D.N.Y.,1998.

Robinson v. Delgado

Not Reported in F.Supp., 1998 WL 278264 (N.D.N.Y.)


END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1997 WL 665551 (N.D.N.Y.)
(Cite as: 1997 WL 665551 (N.D.N.Y.))

**C**

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Marcus COTTO, Plaintiff,
v.
Daniel SENKOWSKI, Superintendent of Clinton Annex; T.J. Howard, Hearing Officer; J. Maggy, Sergeant; Byron Wind, Officer; Barry Rock, Officer; and Philip Coombe, Jr., Acting Commissioner, Defendants.
**No. 95-CV-1733 (RSP/DNH).**

Oct. 23, 1997.

Marcus Cotto, Plaintiff, pro se, Auburn Correctional Facility, Auburn, New York.

Hon. Dennis C. Vacco, Attorney General of the State of New York, Attorney for Defendants, Albany, New York, Darren O'Connor, Esq., Asst. Attorney General, of Counsel.

MEMORANDUM DECISION AND ORDER

POOLER, D.J.

**\*1** This matter comes to me following a report-recommendation by Magistrate Judge David N. Hurd, duly filed on the 29th of August, 1997. Following ten days from the service thereof, the Clerk has sent me the entire file, including any and all objections filed by the parties herein.

In his *pro se* complaint, Cotto alleges that in August 1995, he and some other inmates were attacked while incarcerated at Clinton Correctional Facility. Compl., Dkt. No. 1, ¶ 2. Cotto alleges that as a result of this incident he was charged with engaging in violent conduct and conduct which disturbed the order of the facility. *Id.* Although Cotto was found guilty of these charges and sentenced to a term of one year in the Special Housing Unit and loss of six months good time, his sentence was reversed on administrative appeal. *Id.* Cotto brought this action pursuant to 42 U.S.C. § 1983, alleging various violations of his rights under the Eighth and Fourteenth Amendments. *Id.*

By motion filed March 3, 1997, defendants sought summary judgment. Dkt. No. 17. Plaintiff filed no papers in opposition to the motion. In his report-recommendation, the magistrate judge recommended that I grant defendants' motion pursuant to Local Rule 7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief requested. Dkt. No. 19, at 2. Cotto has filed no objections to the report-recommendation.

After careful review of all of the papers herein, including the magistrate judge's report-recommendation, it is

ORDERED that the report-recommendation is hereby approved, and it is further

ORDERED that defendants' motion for summary judgement is GRANTED and the complaint against them dismissed in its entirety, and it is further

ORDERED that the Clerk of the Clerk serve a copy of this order on the parties by regular mail.

IT IS SO ORDERED.
DAVID N. HURD, United States Magistrate Judge.

*REPORT-RECOMMENDATION*

This matter was referred to the undersigned by the Honorable Rosemary S. Pooler, for

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 665551 (N.D.N.Y.)
(Cite as: 1997 WL 665551 (N.D.N.Y.))

Report-Recommendation pursuant to the Local Rules of the Northern District of New York.

Plaintiff commenced the above § 1983 action making various allegations regarding violations of his civil rights under the United States Constitution. Pursuant to Fed.R.Civ.P. 56, the defendants have moved for summary judgment alleging that there is no genuine issue as to any material fact and that as a matter of law they are entitled to judgment.

The defendants have filed a motion pursuant to Fed.R.Civ.P. 56 granting summary judgment in favor of the defendants on grounds including that there is no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law.

It is now more than ninety days beyond the date when the response papers were due, and the plaintiff has not filed any papers in opposition to the motion. "Failure to file any papers as required by this rule shall, unless for good cause shown, be deemed by the court as consent to the granting or denial of the motion, as the case may be." Rules of U.S. Dist. Ct. for Northern Dist. of N.Y., L .R. 7.1(b)(3).

**\*2** NOW, upon careful consideration of the notice of motion, statement pursuant to Local Rule 7.1(F), with exhibits attached, and the memorandum of law submitted in support of the defendants' motion; and there being no opposition to the motion, it is

RECOMMENDED that the motion be granted and the complaint be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(I), the parties have ten days within which to file written objections to the foregoing report. *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Such objections shall be filed with the Clerk of the Court with a copy to be mailed to the chambers of the undersigned at 10 Broad Street, Utica, New York 13501. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(I);

Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989); and it is

ORDERED, that the Clerk of the Court serve a copy of this Report-Recommendation, by regular mail, upon the parties to this action.

N.D.N.Y.,1997.
Cotto v. Senkowski
Not Reported in F.Supp., 1997 WL 665551 (N.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)

(Cite as: 1998 WL 59448 (N.D.N.Y.))

**C**

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Albert FOXWORTH, Plaintiff,
v.
Donald SELSKY and Captain James, Defendants.
No. 95-CV-1168 (FJS).

Feb. 9, 1998.

Office of Alan D. Levine, Kew Gardens, Counsel for
Plaintiff.

Hon. Dennis C. Vacco, Office of the Attorney General of
the State of New York, Albany, Counsel for Defendants,
Ellen Lacy Messina, AAG, of Counsel.

MEMORANDUM-DECISION AND ORDER

SCULLIN, D.J.

Introduction

**\*1** Plaintiff, Albert Foxworth, brings this action
pursuant to 42 U.S.C. § 1983 alleging that his procedural
due process rights were violated. The matter is presently
before the Court on the Report-Recommendation of the
Honorable Magistrate Judge Scanlon dated November 5,
1997 which recommended that Defendants' motion for
summary judgment be granted because Plaintiff only
alleged a violation of N.Y.C.R.R. § 251-5.1(a), and that
violation alone does not support a recognizable
constitutional due process claim. Timely objections to the
Report-Recommendation were filed by Plaintiff. In the
objections, Plaintiff maintains that the magistrate
incorrectly held that there was no due process violation.

Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court
must make a de novo determination of those portions of a
magistrate judge's order that are specifically objected to by
a party. Thus, this Court will address Plaintiff's relevant
objections.

Under Rule 56(c) of the Federal Rules of Civil

Procedure, summary judgment is warranted if, when
viewing the evidence in a light most favorable to the
non-moving party, the court determines that there is no
genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. See Fed. R. Civ.
Pro. 56(c); *Eastman Kodak Co. v. Image Tech. Servs. Inc.,*
504 U.S. 451, 457, 112 S.Ct. 2072, 119 L.Ed.2d 265
(1992); *Commander Oil v. Advance Food Serv. Equip.,*
991 F.2d 49, 51 (2d Cir.1993). A genuine issue of material
fact is one that could be decided in favor of either party.
*Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct.
2505, 91 L.Ed.2d 202 (1986).

Plaintiff relies on New York's "seven day rule," 7
N.Y.C.R.R. § 251-5.1(a), to establish that a state
regulatory scheme created a protected liberty interest.[FN1]
Plaintiff argues that his disciplinary hearing violated his
due process rights because it was held more than seven
days from the date he was keeplocked and resulted in his
confinement in keeplock for 180 days.

> FN1. The seven day rule states, "Where an
> inmate is confined pending a disciplinary hearing
> or superintendent's hearing, the hearing must be
> commenced as soon as is reasonably practicable
> following the inmate's initial confinement
> pending said disciplinary hearing or
> superintendent's hearing, but, in no event may it
> be commenced beyond seven days of said
> confinement without authorization of the
> commissioner or his designee." 7 N.Y.C.R.R. §
> 251-51(a).

In order to make out a procedural due process claim
under 42 U.S.C. § 1983, a plaintiff must satisfy the
threshold requirement that a protectable "liberty interest"
is at stake. See *Marino v. Klages,* 95-CV-1475, 973
F.Supp. 275, 1997 WL 431544, at \*1 (N.D.N.Y. Mar.27,
1997). Liberty interests can be derived either directly from
the due process clause itself, or from the statutes or
regulations of the states. To find that a state law created a
liberty interest, a plaintiff must meet a two prong test: (1)
that the liberty interest was created by statute or

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)

(Cite as: 1998 WL 59448 (N.D.N.Y.))

regulation; and (2) that the confinement creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." [FN2] *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

> FN2. The relevant factors to consider in determining "atypical and significant hardship" include the effect of the disciplinary action on the length of confinement, the extent to which conditions of disciplinary segregation differs from other routine prison conditions, and the duration of the disciplinary segregation imposed compared to discretionary confinement. *See Wright v. Coughlin,* No. 96-2276, 1998 WL 1417, at *3 (2d Cir. Jan.5, 1998) (citing *Sandin,* 115 S.Ct. at 2301).

Once a protectable liberty interest is established, a court must determine whether the plaintiff's procedural due process rights were violated. The minimum due process requirements a prisoner must receive are: (1) advance written notice of the charges; (2) such notice must be received at least 24 hours before the disciplinary hearing; (3) the help of fellow inmates or staff members in defending against a charge; (4) a written statement by the fact finder as to the evidence and reasoning for any disciplinary action; and (5) the ability to call witnesses and present documentary evidence if institutional safety and/or correctional goals will not be jeopardized. *See Wolff v. McDonnell,* 94 U.S. 539 (1974).

**\*2** In his Report-Recommendation, Magistrate Judge Scanlon did not reach the question of whether or not Plaintiff had a "liberty interest." Instead, the magistrate determined that even if a liberty interest had been established, the dispositive determination was whether or not Plaintiff was afforded the proper procedure during his disciplinary hearing. Relying on *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995), Magistrate Judge Scanlon held that a violation of 7 N.Y.C.R.R. § 251-5.1(a) does not necessarily mean that the constitutional requirements set forth in *Wolff* were also violated. Since Plaintiff did not assert that *Wolff* was not met, the court held that Plaintiff's claim was meritless.

Defendants submitted uncontroverted evidence that Plaintiff had advance written notice of the charges and that this notice was received by Plaintiff more than 24 hours before his disciplinary hearing. (Defs' Notice Mot. Ex. E.) The Attica Correctional Facility then assigned a corrections officer to help Plaintiff defend himself at the hearing. (Defs' Notice Mot. Ex. B.) Moreover, the fact finder made available a written statement containing the evidence and reasoning for the disciplinary action taken against Plaintiff. (Defs' Notice Mot. Ex. F.) Lastly, Plaintiff had the ability to call witnesses and present evidence which he chose not to do. (Defs' Notice Mot. Exs. B & E.) Therefore, the Court agrees with the Report-Recommendation that Defendants' motion for summary judgment should be granted.

Conclusion

Therefore, after reviewing the entire file in this matter, the submission of the parties, and the applicable law, it is hereby

ORDERED that Magistrate Judge Scanlon's Report-Recommendation dated November 5, 1997 is ACCEPTED in its entirety for the reasons stated therein and herein; and it is further

ORDERED that Plaintiff's complaint be DISMISSED.

IT IS SO ORDERED.

SCANLON, Magistrate J.

REPORT-RECOMMENDATION

This matter was referred to the undersigned for report and recommendation by the Hon. Frederick J. Scullin, Jr., United States District Judge, pursuant to 28 U.S.C. Section 636(b)(1)(B), and Local Rules of the Northern District of New York 72.3(C).

In this Section 1983 civil rights action plaintiff's counsel asserts in the complaint that plaintiff's due process rights were violated when a disciplinary hearing held after seven (7) days from the date plaintiff was confined pending the hearing, resulted in his being placed in keeplock for 180 days.

Plaintiff seeks compensatory and punitive damages.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)

(Cite as: 1998 WL 59448 (N.D.N.Y.))

Currently before the court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has entered opposition to this motion.

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment where the evidence shows that there "is no genuine issue of material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment is properly regarded...as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'' *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. Proc. 1). In determining whether there is a genuine issue of fact, a court must resolve all ambiguities, and draw inferences against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)(per curiam). An issue of credibility is insufficient to preclude the granting of a motion for summary judgment. Neither side can rely on conclusory allegations or statements in affidavits. The disputed issues of fact must be supported by evidence that would allow a "rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Factual disputes that are irrelevant to the dispositions of the suit under governing law will also not preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248.

**\*3** On February 11, 1993 plaintiff was served with a misbehavior report dated February 5, 1993. The report charged plaintiff with violation of inmate rules at the March Correctional Facility, 106.10-disobeying a direct order, 104.12-work stoppage, and 109.12-movement within the facility. (Defs'.Exh. A). After being served, plaintiff was confined pending his disciplinary hearing and, also, for transfer to Attica Correctional Facility.

Two requests for extension of the time period for holding plaintiff's disciplinary hearing were requested by Attica Correctional Facility. (Defs.' Exh. C, page 1 and 4).

The first request was made to, and granted by defendant Selsky, on February 17, 1993, because plaintiff was not due to arrive at Attica until sometime between February 18 and 21, 1993. Attica again requested and received another extension on February 19, 1993. This request was necessary because plaintiff did not arrive at Attica until the evening of February 18, 1993, and a time extension was needed to serve and assist plaintiff to prepare for his hearing, if necessary. Defendant Selsky granted this second time extension request and required that the hearing be completed by February 23, 1993.

Plaintiff's disciplinary proceeding was started and completed on February 23, 1993. At the conclusion of the proceeding the hearing officer, defendant James, found plaintiff guilty of all three of the charged violations, and assessed a penalty of 180 days in keeplock confinement, 180 days loss of telephone privileges, and recommended loss of six months good time. (Defs'. Exhs. E, page 5 and F). This disposition was affirmed on administrative appeal on March 15, 1993. (Defs'.Exh. G). Plaintiff served the full 180 day keeplock sentence.

Plaintiff then instituted an action in New York State Supreme Court, Wyoming County, pursuant to CPLR Article 78, seeking to overturn the result of his disciplinary hearing. By Memorandum and Judgment dated February 1, 1994 the Honorable Mark H. Dadd, found that plaintiff's disciplinary hearing had not been commenced in a timely manner, ordered the hearing annulled and that any references to it be expunged from plaintiff's record. (Defs'.Exh. J).

7 NYCRR Section 251-5.1(a), provides:

Where an inmate is confined pending a disciplinary hearing or superintendents' hearing, the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement pending said disciplinary hearing or superintendent's hearing, but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee.

Under the terms of this regulation plaintiff's disciplinary hearing should have been commenced by

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)

(Cite as: 1998 WL 59448 (N.D.N.Y.))

February 12, 1993. Plaintiff contends that Judge Dadd's decision determined that this regulation was violated in his case. Therefore, holding his disciplinary hearing eleven days after this date violated his due process rights, making the hearing a nullity, and he should be compensated for the 180 days he unjustly served in keeplock confinement.

**\*4** Plaintiff is endeavoring to use the New York State court judgment preclusively in this Section 1983 civil rights case by claiming that Judge Dadd's decision in his Article 78 proceeding, that the seven day rule was violated, collaterally estops the defendants from relitigating whether a due process violation took place.

28 U.S.C. Section 1738 provides that federal courts must give the same preclusive effect to a state judgment as would be given in the courts rendering that judgment. *Migra v. Warren City School District Bd. of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). It has been held in this Circuit, however, that a prisoner cannot use an Article 78 proceeding to collaterally estop prison officials from relitigating a federal constitutional issue. **Guiterrez v. Coughlin, 841 F. 2d 484, 486 ( 2d Cir. 1988).** This is because the State court is not empowered to award monetary damages in an Article 78 proceeding. *Davidson v. Capuano,* 793 F.2d 275, 278-80 (2d Cir.1986). If respondents cannot be held personally liable in the Article 78 proceeding, they will not have the same motivation to litigate the state court action as they do in a Section 1983 law suit. Conversely, prison authorities can be found personally liable for both compensatory and punitive damages in a federal court Section 1983 action. **Guiterrez v. Coughlin, 841 F. 2d at 486.** Moreover, the defenses of absolute and qualified immunity, or lack of personal involvement would not be available to prison officials. *Id.* The reasoning of **Guiterrez** is applicable to the case at bar, and the defendants here are not precluded from relitigating whether the seven day rule was violated.

Plaintiff alleges a violation of procedural due process stemming from the deprivation of a liberty interest. In *Sandin v. Connor,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) the Supreme Court emphasizes that imprisonment necessarily involves a restriction on an inmate's constitutional rights. The Court then found that in order to implicate a constitutionally protected liberty interest, a state regulation, or the violation thereof, must impose an "atypical and significant hardship" upon an inmate's liberty that is distinguishable from the normal restrictions on liberty that are to be expected with a sentence of imprisonment. *Id,* at 485.

It is unnecessary to resolve the *Sandin* issue in this case because *Sandin* does not bar the court from considering underlying due process allegations. *Moore v. Selsky,* 900 F.Supp. 670, 673 (S.D.N.Y.1995). The plaintiff's allegations would not support a due process claim even before *Sandin,* nor is it necessary to determine if the relevant regulation was violated. The Second Circuit's pre-*Sandin* decision in *Soto v. Walker,* 44 F.3d 169 (2d Cir.1995) affirmed the district court's holding that a violation of the seven day rule under 7 N.Y.C.R.R. Section 251-5.1, in and of itself, would not be enough to establish a constitutional violation. *Id.* at 173. See also, *Bolden v. Alston,* 810 F.2d 353, 358 (2d Cir.1987), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987); accord, *Vitek v. Jones,* 445 U.S. 480, 491, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). The inquiry is not whether state procedural requirements have been transgressed. *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995), but whether the plaintiff was provided the minimum due process under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).[FN1] The record shows that plaintiff's disciplinary hearing complied with the dictates of *Wolff.* The fact that it was delayed, in part because of plaintiff's transitory status at the time, does not make it otherwise. Prison authorities made reasonable efforts to obtain proper extensions because they were belated effected neither the substance or the outcome of the disciplinary hearing.

> FN1. Pursuant to *Wolff* when an inmate faces the loss of a protected liberty interest, the Constitution requires that the inmate receive the following due process protections. 1) the inmate must receive adequate written notice of the charges; 2) this notice must be received at least 24 hours before the hearing; 3) the inmate must hve the opportunity, as limited by security needs or correctional goals, to call witnesses and present documentary evidence in his defense; 4) the fact finder must make a written record of the

Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)

(Cite as: 1998 WL 59448 (N.D.N.Y.))

evidence relied upon and the reasons for the disciplinary action taken; 5) where circumstances warrant, an inmate should receive the assistance of an inmate or staff member. *Wolff v. McDonnell,* 418 U.S. 539, 563-572, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

**\*5** Here, plaintiff only alleges that the seven day rule was violated prior to his disciplinary hearing and consequently, he was denied due process. Under *Soto,* this allegation does not support a cognizable Constitutional claim.

WHEREFORE, on the basis of the above report, it is,

RECOMMENDED that the defendants' motion for summary judgment (Dkt.10) be granted and the complaint dismissed.

PURSUANT TO 28 U.S.C. SECTION 636(b)(1), THE PARTIES HAVE TEN DAYS WITHIN WHICH TO LODGE WRITTEN OBJECTIONS TO THE FOREGOING REPORT. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 7(a), 6(e).

N.D.N.Y.,1998.

Foxworth v. Selsky
Not Reported in F.Supp., 1998 WL 59448 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.