UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDUARDO LATORRES,

                                        **Plaintiff,**

                                  **v.**                                      **9:09-CV-532**
                                                                       **(FJS/DEP)**

**DONALD SELSKY, Special Housing Unit Director
for the Department of Correctional Services, and
CRAIG GUMMERSON, Captain for Auburn
Correctional Facility,**

                                    **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**EDUARDO LATORRES
91-A-4915**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Peebles' August 1, 2011 Report and

Recommendation, *see* Dkt. No. 36, and Plaintiff's objections thereto, *see* Dkt. No. 40.

      Plaintiff Eduardo LaTorres, a New York State prison inmate, commenced this civil rights

action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that, during the course of

a disciplinary hearing that resulted in a finding of guilt and an extended period of disciplinary confinement, Defendants denied him procedural due process.[1]  *See generally* Dkt. No. 1.  The circumstances giving rise to the disciplinary hearing, and to Plaintiff's complaint in this action, involved an incident in which Plaintiff allegedly attacked and stabbed a fellow inmate in an Auburn Correctional Facility exercise yard on June 6, 2006.  Plaintiff claimed that Defendants' failure to provide him with known information concerning the inmate attack at issue constituted a deprivation of his procedural due process rights.

On February 24, 2011, Defendants filed a motion for summary judgment, in which they sought dismissal of Plaintiff's complaint in its entirety on the grounds that Plaintiff could not sustain a federally cognizable due process claim and that they were entitled to qualified immunity.  *See* Dkt. No. 31.  Plaintiff did not file any papers in opposition to Defendants' motion.

In a Report and Recommendation dated August 1, 2011, Magistrate Judge Peebles found that Plaintiff received all of the process that the law required under the circumstances and that "some evidence" supported the hearing officer's determination.  Therefore, he recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint. *See* Dkt. No. 36 at 20-21.  Plaintiff objected to Magistrate Judge Peebles' recommendation.  *See* Dkt. No. 40.

"When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review."  *Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)).  "To be 'specific,' the objection

---

[1] This determination was later annulled as the result of Plaintiff's state-court challenge.

must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quotation and footnote omitted). Where a party makes no objection, or only a general objection, to a portion of a magistrate judge's report-recommendation, the court reviews that portion for "clear error." *See id.* (citations omitted). After completing the appropriate review, "the Court may 'accept, reject, or modify, in whole or in part,'" the magistrate judge's findings and recommendations. *Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

Despite the general nature of some of Plaintiff's objections, the Court conducted a *de novo* review of Magistrate Judge Peebles' Report and Recommendation in light of those objections. Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 1, 2011 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 27, 2012
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge